UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIGEO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06MC344-DJS |
| | ) | |
| AUDIBLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Now before the Court is third-party movant Dr. William Saigh's motion to quash subpoena pursuant to Fed. R. Civ. P. 26(c), which permits "the court in the district where [a] deposition is to be taken [to] make any order which justice requires to protect a party . . . from . . . undue burden." Plaintiff Digeo, Inc. has sued defendant Audible, Inc. for patent infringement in an action before the United States District Court for the Western District of Washington. On May 22, 2006, plaintiff served movant with a subpoena to appear for a deposition on June 9, 2006 and to produce certain documents. On June 1, after a discussion of movant's health, counsel for movant and counsel for plaintiff agreed to postpone the deposition. Subsequently, plaintiff expressed an intent to depose movant before June 30, 2006.[1] In the instant motion filed on June 16, 2006, movant has indicated that he will

---

[1] As far as the Court is aware, Dr. Saigh has not been deposed as of the writing of this order.

disclose the documents in his possession which are responsive to the subpoena.

The inventors of the patent at issue in the aforementioned, underlying action allegedly assigned their rights to a company called Microtome.  As movant was the business manager at Microtome, plaintiff seeks to depose him concerning the inventors' assignments.  Sometime after having been assigned the patent, Microtome allegedly sold its rights to plaintiff.  Currently, the Court in the underlying suit held summary judgment in abeyance to permit the parties to conduct third-party discovery regarding the question of inventorship.  Two of the four inventors have indicated that movant was the person most involved in the procurement of the patent.

Movant indicates that he is 86 years old and in very poor health.  Movant is currently undergoing weekly chemotherapy treatment for Mantle Cell non-Hodgkin's Lymphoma involving his cerebral spinal fluid.  The physicians and medical staff treating movant have stated that his long and short term memory have been affected along with his ability to give accurate answers to the types of questions asked in a deposition.

The Court will follow Federal Circuit law as the relevance of the testimony sought concerns the substantive law of patent infringement.  <u>Truswal Systems Corp. v. Hydro-Air Engineering, Inc.</u>, 813 F.2d 1207, 1212 (Fed. Cir. 1987).  "A district court whose only connection with a case is supervision of

discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." Id. at 1211-12 (internal punctuation and citation omitted). "[T]he factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986); Plant Genetic Sys., N.V. v. Northrup King Co., 6 F. Supp. 2d 859, 861 (E.D. Mo. 1998). Movant does not assert and the Court does not find that the discovery sought is irrelevant or that plaintiff is not in need of the information.

As movant seeks a protective order pursuant to Fed. R. Civ. P. 26(c), he has the burden of showing that the subpoena is oppressive or unduly burdensome. Id. at 1025. Furthermore, as movant notes, protective orders that prohibit depositions carry a heavy burden of proof, and "should rarely be granted absent extraordinary circumstances." Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434 (M.D.N.C. 2001). While movant's memory may have been affected by his affliction, the Court is not persuaded that the deposition is oppressive or unduly burdensome, particularly in light of movant's undisputed participation in two depositions in April of this year.

Accordingly,

**IT IS HEREBY ORDERED** that Dr. William Saigh's motion to quash subpoena directed to William Saigh [Doc. #1] is denied.

**IT IS FURTHER ORDERED** that Dr. William Saigh's motion for oral argument [Doc. #6] is denied.

**IT IS FURTHER ORDERED** that Dr. William Saigh shall comply with plaintiff's subpoena within fourteen (14) days of the date of this order. The parties shall jointly devise agreeable terms and conditions for the deposition which accommodate movant's current physical condition.

Dated this ___25th___ day of July, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE